[No. D007488. Fourth Dist., Div. One. Mar 14, 1989.]

WILLIAM C. McGOWAN, JR., Plaintiff and Appellant, v.
CITY OF SAN DIEGO et al., Defendants and Respondents.

**COUNSEL**

Robert T. Gustafason for Plaintiff and Appellant.

John W. Witt, City Attorney, Ronald L. Johnson, Assistant City Attorney, Eugene P. Gordon, Chief Deputy City Attorney, and Francis M. Devaney, Deputy City Attorney, for Defendants and Respondents.

## OPINION

**NARES, J.**—William C. McGowan, Jr., plaintiff and appellant, sought money damages for false arrest, false imprisonment and assault and battery from the City of San Diego and Steven Higuera, defendants and respondents. The trial court granted a motion for summary judgment in favor of respondents. McGowan appeals.[1] We reverse, concluding collateral estoppel does not entirely bar McGowan's civil complaint.

### FACTUAL AND PROCEDURAL HISTORY

On May 13, 1985, at approximately 11 p.m., San Diego Police Officer Steven Higuera observed a car being erratically driven by McGowan. Higuera pulled McGowan over and administered a field sobriety test, which McGowan failed. McGowan was placed under arrest for driving under the influence of alcohol (Veh. Code, § 23152, subds. (a) and (b)). McGowan was transported to the central jail where he chose to take a breath test. He was unable to complete the breath test, claiming a respiratory disability. McGowan contends he was not offered the choice of submitting to a urine test. A blood sample was taken from McGowan by technician Pat Hess, although McGowan strenuously objected to this procedure because of his fear of hypodermic needles. McGowan had to be physically restrained. He alleges he was beaten by three to five officers, handcuffed and kicked in the sides of the abdomen with such force as to cause him to have an involuntary bowel movement. After the blood sample was taken, McGowan was transported to the county jail where he was initially treated for a possible heart attack. Upon release from custody, he was taken by an uncle to a local hospital where he remained for three days.

On June 7, the People filed a two-count complaint in the municipal court against McGowan for violation of Vehicle Code section 23152, subdivisions (a) and (b) (case No. T914090).

McGowan timely filed a claim for damages with the City of San Diego (the City). The claim was denied. McGowan then filed a civil complaint for damages on August 26, 1985, alleging causes of action for false arrest, false imprisonment, assault and battery and violation of civil rights pursuant to 42 United States Code section 1983.

In the municipal court case, the underlying criminal action, McGowan filed a motion to suppress evidence of the blood sample pursuant to Penal

---

[1] We treat McGowan's notice of appeal from the order as an appeal from the final judgment. (*Johnson* v. *Hydraulic Research & Mfg. Co.* (1977) 70 Cal.App.3d 675, 685 [139 Cal.Rptr. 136].)

Code[2] section 1538.5 on the grounds the stop and arrest were unlawful and excessive force was used in taking the blood sample. The motion was denied. As to the use of excessive force, the court initially took the matter under submission and later ruled: " . . . Defendant resisted blood taking; Officer used force to take blood. [¶] . . . [B]lood taken in medical [*sic*] approved manner. [¶] Motion denied. . . ." It appears undisputed by the parties that the court utilized the test of "shocks the conscience" in determining the section 1538.5 motion as to the taking of the blood sample. McGowan was tried by jury and convicted of both counts of Vehicle Code section 23152, subdivisions (a) and (b).

City and Higuera answered the civil complaint and demurred to paragraphs 10 to 14, the alleged violation of 42 United States Code section 1983. The court sustained the demurrer with 30 days leave to amend. McGowan failed to amend. The City's and Higuera's motion to dismiss these paragraphs pursuant to Code of Civil Procedure section 581, subdivision (c) was granted on August 4, 1987. McGowan then filed a "second [*sic*] verified amended complaint" deleting the 42 United States Code section 1983 claim. City and Higuera followed with a motion for summary judgment or summary adjudication of issues on the sole ground that collateral estoppel barred the civil complaint in its entirety. The court requested additional briefing from both parties on the issues of "(a) how the 'shocks the conscience' standard used in the criminal pretrial motions relates to the elements and standards of the civil causes of action set forth in plaintiff's complaint, and (2) [*sic*] how adjudication of each of the issues set forth in the notice of adjudication issues can be made in light of the differing standards." The court granted City's and Higuera's motion for summary judgment.

## DISCUSSION

■ The facts are not in dispute; the issue is one of law. We are therefore free to draw our own conclusions of law from the undisputed facts. (*Jongepier* v. *Lopez* (1983) 142 Cal.App.3d 535, 538 [191 Cal.Rptr. 131].)

■ The issue presented by this appeal is: Can the doctrine of collateral estoppel apply in a civil case to issues determined in a prior section 1538.5 ruling? Based upon general principles for the application of collateral estoppel, we conclude collateral estoppel may be applied to such rulings.

### A

For guidance on the application of the doctrine of collateral estoppel in a civil case to issues determined in prior criminal proceedings we turn to

---

[2] All statutory references are to the Penal Code unless otherwise specified.

*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601 [25 Cal.Rptr. 559, 375 P.2d 439], wherein the court held the doctrine of collateral estoppel precludes relitigation of any issues necessarily decided in prior litigation as to parties or their privies if the same issue is involved in a subsequent lawsuit on a different cause of action. (*Id.* at p. 604.) At page 607 the court stated, "Under these circumstances, we hold that any issue necessarily decided in a prior criminal proceeding is conclusively determined as to the parties if it is involved in a subsequent civil action."

The doctrine has been subsequently applied to prior misdemeanor criminal proceedings (*Mueller* v. *J. C. Penney Co.* (1985) 173 Cal.App.3d 713 [219 Cal.Rptr. 272]; *Leader* v. *State of California* (1986) 182 Cal.App.3d 1079 [226 Cal.Rptr. 207]); to pretrial criminal suppression motions by the federal courts (*Allen* v. *McCurry* (1980) 449 U.S. 90 [66 L.Ed.2d 308, 101 S.Ct. 411]; *Guenther* v. *Holmgreen* (7th Cir. 1984) 738 F.2d 879); and to prior administrative hearings (*People* v. *Sims* (1982) 32 Cal.3d 468 [186 Cal.Rptr. 77, 651 P.2d 321]; *Imen* v. *Glassford* (1988) 201 Cal.App.3d 898 [247 Cal.Rptr. 514]).

The criteria for application of collateral estoppel are fully discussed in *Leader* v. *State of California, supra,* 182 Cal.App.3d at page 1087, which has also set forth the guidelines upon which such application must be premised. These guidelines are: (1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a "full and fair . . . trial" to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior trial.

By substituting the word "proceeding" for the words "conviction" and "trial" we hold the doctrine of collateral estoppel may apply to subsequent civil actions based upon rulings pursuant to section 1538.5 motions to suppress evidence.

## B

 Applying the criteria set forth above, the judgment in this case must be reversed as the prior rulings on the section 1538.5 motion to suppress evidence do not meet the third test, i.e., the issues raised in the civil case are not identical to those adjudicated in the section 1538.5 motion sufficiently to bar McGowan's action in its entirety. Just as in the *Mueller* and *Leader* cases, collateral estoppel cannot be applied to the issues of "reasonably detained" and "reasonable force." McGowan's motion to suppress evidence

pursuant to section 1538.5 was filed on two grounds: (1) the unlawfulness of the stop and (2) use of excessive force. ■ The finding of probable cause by the municipal court for the stop and arrest is dispositive of and conclusive on the issue of the false arrest since the probable cause in the criminal proceeding is identical to the probable cause required in a later civil complaint. ■ There was no prior finding in the section 1538.5 motion regarding the continued detention of McGowan after the blood sample was taken and the issues submitted by the City and Higuera for adjudication do not address the reasonableness of such further detention as alleged in paragraph 8 of the second amended complaint. McGowan's separate statement of facts raised this detention as a material issue in dispute. ■ Further, a denial of a motion to suppress evidence pursuant to section 1538.5 requires only a finding that the "relevant Fourth Amendment standards of reasonableness" were employed in the taking of the blood sample, i.e., a finding must be made that the blood was taken in a "simple medically acceptable manner." (*Schmerber* v. *California* (1966) 384 U.S. 757 [16 L.Ed.2d 908, 86 S.Ct. 1826].) A "Fourth Amendment standard of reasonableness" in taking a blood sample has been equated to force which does not "shock the conscience" and force which does not "savor of the rack and screw." (*People* v. *Kraft* (1970) 3 Cal.App.3d 890 [84 Cal.Rptr. 280].)

In this civil complaint the test is not that degree of force which "shocks the conscience" sufficiently to suppress evidence, but whether the force used was reasonable under all the circumstances.

McGowan's motion to suppress was denied on a finding " . . . blood was taken in medical [*sic*] approved manner."

There is nothing in the record which supports the conclusion that the municipal court decided the force used in obtaining the blood sample was reasonable for purposes of barring a subsequent civil action for excessive or unreasonable use of force. Just as in the *Mueller* and *Leader* cases, some issues remained, namely, the reasonableness of the force used before, during and after the taking of the blood sample. These issues were raised in McGowan's separate statement.

If, in *Leader,* the issue of whether the officers used "unreasonable force" in the arrest of Leader who had been *tried and convicted* of resisting arrest and battery of a police officer remained to be tried in Leader's subsequent civil action for damages for assault and battery as to these same officers, and if, in *Mueller,* the issues of the reasonableness of the force and the reasonableness of the detention of Mueller remained to be tried in his civil action after his *trial and conviction* for misdemeanor assault, battery and petty theft as to this same incident and same officers, then McGowan is no less

entitled to have these issues tried in his civil action following a ruling on a criminal pretrial motion to suppress where the force necessary to suppress evidence is that which "shocks the conscience." While the municipal court did not find the force used in taking the blood sample from McGowan "shocked the conscience" sufficiently to suppress the evidence in the criminal proceeding, there is nothing in the record either before this court or the trial court which indicated the municipal court had found the force used was "reasonable" so as to support the application of the doctrine of collateral estoppel.

We agree with *Kauffman* v. *Moss* (3d Cir. 1970) 420 F.2d 1270, 1274, certiorari denied 400 U.S. 846 [27 L.Ed.2d 84, 91 S.Ct. 93], that any doubt as to what was decided by a prior criminal proceeding should be resolved against using it as an estoppel as the litigant invoking the doctrine will still have the opportunity to establish its contentions at trial.

### C

Counsel for McGowan argued before the trial court: "Our big issue here, I think, is the 7th Amendment and I can't see how a common law doctrine of collateral estoppel can be stretched to subvert the 7th Amendment because my client has a dead-bang right to a jury trial on civil issues under the 7th Amendment." McGowan contended that no issue in the civil action which seeks monetary damages can be collaterally estopped because it would deny him his seventh Amendment right to a jury trial. He relied on this same argument before this court. This argument was rejected in *Parklane Hosiery Co., Inc.* v. *Shore* (1979) 439 U.S. 322 [58 L.Ed.2d 552, 99 S.Ct. 645], where the court held in relevant part at page 337 [58 L.Ed.2d at p. 566], citing with approval the case of *Galloway* v. *United States* (1942) 319 U.S. 372 [87 L.Ed. 1458, 63 S.Ct. 1077]: " 'The more logical conclusion, we think, and the one which both history and the previous decisions here support, is that the Amendment was designed to preserve the basic institution of jury trial in only its most fundamental elements, not the great mass of procedural forms and details, varying even then so widely among common-law jurisdictions.'

"The law of collateral estoppel, like the law in other procedural areas defining the scope of the jury's function, has evolved since 1791. Under the rationale of the *Galloway* case, these developments are not repugnant to the Seventh Amendment simply for the reason that they did not exist in 1791. Thus if, as we have held, the law of collateral estoppel forecloses the petitioners from relitigating the factual issues determined against them in the SEC action, nothing in the Seventh Amendment dictates a different result,

even though because of lack of mutuality there would have been no collateral estoppel in 1791. [Fn. omitted.]"

### DISPOSITION

The judgment granting the motion for summary judgment is reversed. The trial court shall grant the motion for summary adjudication of issues 1, 2, 3, 4, 7, 9, 10 and 11, and deny the motion as to issues 5, 6 and 8[3]. McGowan to recover costs on appeal.

Wiener, Acting P. J., and Benke, J., concurred.

Respondents' petition for review by the Supreme Court was denied May 23, 1989.

---

[3] The 11 issues sought to be adjudicated by City and Higuera are attached hereto as Exhibit A.

APPENDIX

Exhibit A

Respondents' Eleven Issues

"1) The defendants had reasonable cause to stop and detain plaintiff,

"2) That defendants had probable cause to arrest plaintiff,

"3) That plaintiff resisted the taking from him of a blood sample for analysis of its alcohol content,

"4) That defendants used force in taking said blood sample,

"5) That defendants' use of force in taking said blood sample was necessary to overcome plaintiff's resistance,

"6) That defendants' use of force in taking said blood sample was reasonable,

"7) That defendants' taking of said blood sample was done in a medically-approved manner,

"8) That defendants' use of force in taking said blood sample was not excessive,

"9) That defendants' use of force in taking said blood sample was not shocking to the conscience,

"10) That plaintiff was driving under the influence of alcohol on the night of his arrest,

"11) That plaintiff was driving with a blood alcohol content of 0.10 percent or more on the night of his arrest."