Gregory Romel AYERS, Plaintiff,

and

Wayne Johnson, Esq., counsel for the plaintiff, Appellant,

v.

CITY OF RICHMOND; Ernest Clements, individually and in his capacity as Chief of Police for the City of Richmond; James Fales, individually and in his capacity as City Manager for the City of Richmond; Walter Trujillo, of the Richmond Police Department and Officers of the Richmond Police Department whose names have not yet been ascertained, inclusive, individually and in their capacity as Officers of the Richmond Police Department for the City of Richmond; and Does 1–100, inclusive, Defendants–Appellees.

Gregory Romel AYERS, Plaintiff–Appellant,

v.

CITY OF RICHMOND; Ernest Clements, individually and in his capacity as Chief of Police for the City of Richmond; James Fales, individually and in his capacity as City Manager for the City of Richmond; Walter Trujillo, of the Richmond Police Department and Officers of the Richmond Police Department whose names have not yet been ascertained, inclusive, individually and in their capacity as Officers of the

Richmond Police Department for the City of Richmond; and Does 1–100, inclusive, Defendants–Appellees.

Nos. 88–2784, 88–2942 and 88–2985.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 1989.

Decided Feb. 12, 1990.

Wayne Johnson, Oakland, Cal., pro se.

Howard Moore, Jr., Oakland, Cal., for plaintiff-appellant.

Paul R. DePasquale and Russell J. Cole of Stevenson & DePasquale, Los Angeles, Cal., for defendants-appellees.

Before BROWNING, HALL and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

Wayne Johnson, an attorney, appeals the district court's denial of a motion for reconsideration in which he challenged an order that he pay sanctions for failing to attend a settlement conference. Gregory Ayers, Johnson's client in the district court, appeals the district court's dismissal of his action under 42 U.S.C. §§ 1981, 1983, and 1985, in which he alleged various civil rights violations in connection with two arrests. We affirm as to Johnson. As to Ayers, we affirm in part and reverse and remand in part.

## FACTS

Ayers filed a complaint in federal district court against the City of Richmond, claiming that the city and its police officers violated 42 U.S.C. §§ 1981, 1983, and 1985 by twice arresting him unconstitutionally. Ayers also alleged that the police used excessive force and took $450 from him during the second arrest.

During Ayers' first arrest on February 16, 1986, the police found marijuana and a gun in his car. Ayers was charged in a Contra Costa County Municipal Court with the following misdemeanors: failure to yield at a stop sign, possession of marijuana, driving in possession of marijuana, possession of a concealed weapon, and possession of a loaded firearm. During Ayers' second arrest on July 13, 1986, the police once again found a gun in his car. Ayers was charged in a separate action in the same court with the misdemeanors of possession of a concealed weapon and possession of a loaded firearm.

In both criminal actions, Ayers' counsel moved under Cal. Penal Code § 1538.5 (West 1982 & Supp.1989) to suppress the evidence obtained in the searches attendant to Ayers' arrests on the ground the searches violated his fourth amendment rights. The municipal court denied both motions. The denials of the motions were affirmed on appeal by the appellate department of the Contra Costa County Superior Court. With respect to the first action, Ayers petitioned the superior court for rehearing. The appellate department certified the case to the court of appeal, which then declined to consider it. With respect to the second action, the appellate department denied Ayers' petition for rehearing.

Ayers subsequently pled guilty in both actions on the counts of possession of a concealed weapon. All of the other charges were dismissed. Ayers did not exercise his right to appeal the suppression rulings within 30 days of the entry of his guilty plea, as provided in Cal. Penal Code § 1538.5(m).

In the meantime, Ayers had filed a civil rights action based on the two arrests. The federal district court referred Ayers' civil action to a magistrate for a pretrial conference to discuss the possibility of settlement. Notice of this settlement conference was issued by the court clerk. Ayers' attorney, Johnson, alleging that he never received notice, failed to appear at the conference. The defendants, however, did receive notice and travelled from Los Angeles to San Francisco, California, to attend.

The defendants thereafter moved ex parte for an order to show cause why they should not be awarded sanctions for the reasonable costs incurred in their travel to the conference. The district court issued an order to show cause. Despite Johnson's claim that he never received notice of the settlement conference, the magistrate ordered Johnson to pay $749.00 as sanctions. Johnson moved the district court for reconsideration. The district court referred the motion to the same magistrate who awarded the sanctions. The magistrate denied the motion, finding that notice of the original settlement conference had been mailed to Johnson, that he had missed the conference, and, when called by the court clerk, said that the date had "slipped by him." The district court denied Johnson's motion for reconsideration.

Prior to the municipal courts' rulings on the section 1538.5 motions to suppress in the state criminal actions, the defendants moved for summary judgment dismissal of Ayers' civil rights action. The district court postponed its summary judgment ruling pending conclusion of Ayers' criminal trials. After Ayers' appeal period expired in the criminal actions, the district court granted the defendants' motion for summary judgment, holding that the state courts' denial of Ayers' section 1538.5 motions to suppress collaterally estopped Ayers from relitigating in the civil action the issue of whether his arrests violated the fourth amendment.

Ayers timely appealed the summary judgment ruling; Johnson timely appealed the district court's imposition of sanctions.

## DISCUSSION

### I. Sanctions

We review for abuse of discretion the denial of a motion for reconsideration under Fed.R.Civ.P. 59(e). *McCarthy v. Mayo,* 827 F.2d 1310, 1314 (9th Cir.1987). An award of sanctions under Fed.R.Civ.P. 16(f) is within the discretion of the district court. *See Ford v. Alfaro,* 785 F.2d 835, 840 (9th Cir.1986). A trial court abuses its discretion when its decision is based on clearly

erroneous factual findings or an incorrect legal standard. *SEC v. Carter Hawley Hale Stores, Inc.,* 760 F.2d 945, 947 (9th Cir.1985).

■ Rule 16(a) provides that a court may direct the attorneys in an action to appear before it for a conference before trial. Rule 16(a)(5) specifically states that one of the purposes of such a conference may be "facilitating the settlement of the case." Rule 16(c)(7) provides that the possibility of settlement is a subject that may be discussed at such a conference. Rule 16(f) provides that if a party's attorney fails to appear, the court may make such orders as are just, including requiring the attorney to pay the reasonable expenses incurred because of his noncompliance. Accordingly, the district court acted within its authority under Rule 16(f) in sanctioning Johnson for his failure to appear at the settlement conference.

Johnson, who was acting as Ayers' attorney, contends sanctions should not have been imposed because he did not receive notice of the settlement conference date. The district court found that Johnson did receive notice. Reviewing the record, we note that on February 25, 1987, a "notice of settlement conference date" was entered. The docket contains no specific notations as to which parties received notice. However, it is undisputed that the defendants received timely notice of the settlement conference. When Johnson did not appear, a clerk called him and, after their conversation, noted on a minute order that Johnson told her he failed to appear because the date "slipped by him." No undelivered and returned letter was found by the district court. Under these circumstances, we cannot conclude that the district court's finding that notice was received was clearly erroneous.

■ Imposition of sanctions under Rule 16(f) requires notice and an opportunity to be heard. *Alfaro,* 785 F.2d at 840. Johnson received notice and an opportunity to be heard when the district court issued an order to show cause and held a hearing. Due process in the context of a show cause hearing did not entitle Johnson to a full-

fledged trial on the issue of the credibility of the clerk who made the notation on the minute order. Contrary to Johnson's contentions, the requirements of Local Rule 270–2, which apply to post-judgment attorney fee awards, are inapposite to an interim award of sanctions under Rule 16(f).

■ Finally, there is no merit to Johnson's argument that the amount of the sanctions was an abuse of discretion. The amount awarded was less than the defendants requested and reflected expenditures actually incurred. The defendants' alleged tardiness to the rescheduled settlement conference and the confusion between the two parties as to discovery do not necessitate reduction of an award of sanctions under Rule 16(f). Denial of reconsideration of the order imposing sanctions was not an abuse of discretion.

## II. Summary Judgment

The district court granted defendants' motion for summary judgment on Ayers' civil rights action, ruling that Ayers was collaterally estopped from relitigating the fourth amendment issues decided in the criminal actions. The district court's application of collateral estoppel was based on the results of two suppression hearings under California Penal Code § 1538.5 in which a municipal court found that Ayers' arrests, on which he bases his civil rights action, did not violate the fourth amendment. The availability of collateral estoppel is a mixed question of law and fact in which legal issues predominate. We review these legal issues de novo. *Heath v. Cast,* 813 F.2d 254, 258 (9th Cir.), *cert. denied,* 484 U.S. 849, 108 S.Ct. 147, 98 L.Ed.2d 103 (1987) (citations omitted).

A. *Suppression Hearing Issues.* State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action. *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *Takahashi v. Board of Trustees,* 783 F.2d 848, 850 (9th Cir.), *cert. denied,* 476 U.S. 1182, 106 S.Ct. 2916, 91 L.Ed.2d 545 (1986). The California Supreme Court has not con-

sidered whether a criminal defendant who loses a section 1538.5 motion is collaterally estopped from relitigating the issue of a fourth amendment violation in a civil rights action. When the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it. *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir.1986), *modified on other grounds*, 810 F.2d 1517 (1987). In answering that question, this court may look to the decisions by the intermediate appellate courts of the state for "guidance." *Id.*

The criteria for the application of collateral estoppel are: (1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior trial. *McGowan v. City of San Diego*, 208 Cal.App.3d 890, 256 Cal.Rptr. 537, 539 (1989). By substituting the word "proceeding" for the words "conviction" and "trial," the appellate court in *McGowan* held the doctrine of collateral estoppel may apply in a civil action to issues determined in a prior section 1538.5 motion to suppress ruling.

■ Applying these four criteria, we affirm the district court's conclusion that Ayers was collaterally estopped from relitigating the fourth amendment issues decided against him in the criminal actions.

1. *Identity of Issues.* The threshold issue in each fourth amendment violation alleged in Ayers' complaint is whether his arrests were constitutional. The municipal court denied Ayers' section 1538.5 motion to suppress evidence in the criminal actions on the basis the arrests were constitutional under the fourth amendment. The California standard for determining the constitutionality of an arrest is identical to that used when examining an arrest under the federal Constitution. *In re Lance W.*, 37 Cal.3d 873, 896, 694 P.2d 744, 759, 210 Cal.Rptr. 631, 646 (1985). Accordingly, the requirement of identity of issues is satisfied.

2. *Privity.* Privity exists where the party against whom collateral estoppel is asserted was a party to the prior adjudication where the issue to be estopped was finally decided. *Heath*, 813 F.2d at 258. Mutuality is no longer required. *Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.*, 58 Cal.2d 601, 375 P.2d 439, 25 Cal. Rptr. 559, 560 (1962), *cert. denied*, 372 U.S. 966, 83 S.Ct. 1091, 10 L.Ed.2d 130 (1963) (citations omitted). Ayers, the party against whom collateral estoppel is asserted in this action, was a party to both the civil and criminal actions. Therefore, privity exists.

3. *Full and Fair Proceeding.* With the assistance of counsel, Ayers presented his section 1538.5 motions to suppress to the municipal court. Both motions were denied. Ayers thereafter fully exercised his right to appeal those adverse rulings pre-trial. Ayers did not, however, exercise his statutory right to appeal the adverse rulings within thirty days of the entry of his guilty pleas on the weapons charges.

■ A judgment is final once the time for appeal has elapsed. *In re McDonald's Estate*, 37 Cal.App.2d 521, 526, 99 P.2d 1115, 1118 (1940). This includes a ruling on a motion to suppress which becomes final by a failure to appeal. *People v. Gephart*, 93 Cal.App.3d 989, 996 n. 3, 156 Cal.Rptr. 489, 493 n. 3 (1979).[1] Accordingly, we conclude that the adverse section

---

1. Ayers' failure to fully appeal the adverse rulings on the motions to suppress may provide an independent basis for applying the collateral estoppel doctrine. *See People v. Superior Court (Brotherton)*, 147 Cal.App.3d 281, 287, 195 Cal. Rptr. 96, 100 (1983) (government's failure "to pursue available appellate remedies following a superior court's order granting a motion to suppress evidence ... will preclude relitigation of the suppression issues upon a subsequent filing in the same county of the identical charges."). *See also People v. Belleci*, 24 Cal.3d 879, 598 P.2d 473, 157 Cal.Rptr. 503 (1979) (government's failure to appeal grant of motion to suppress collaterally estopped it from introducing suppressed evidence during sentencing).

1538.5 rulings were fully and fairly litigated on the merits and that those rulings which were not appealed from after the entry of the guilty pleas represent final judgments for the purposes of collateral estoppel.

*Heath v. Cast*, 813 F.2d 254 (9th Cir.), *cert. denied*, 484 U.S. 849, 108 S.Ct. 147, 98 L.Ed.2d 103 (1987), is distinguishable from this case. *Heath* held that a ruling favorable to the accused on a section 1538.5 motion resulting in a dismissal of the criminal charges was not a final judgment for the purposes of collateral estoppel in a subsequent civil action brought against the arresting police officers. We hold today that Ayers' failure to appeal the adverse rulings following his guilty pleas resulted in a final judgment sufficient for the purposes of applying collateral estoppel. Such a failure to appeal was not at issue in *Heath*, wherein the criminal charges were dismissed. Moreover, as in *Heath*, this panel must also attempt to predict how the California Supreme Court would resolve this issue. Fortunately, we have the analysis of *McGowan* to aid our inquiry while the *Heath* panel did not.[2]

4. *Motivation to Fully Litigate.* Finally, we conclude that Ayers had the motivation to fully litigate the fourth amendment issues presented at the suppression hearings. Ayers was charged in two separate criminal actions with six misdemeanor violations, four of which involved serious charges relating to the possession of a concealed and loaded firearm. We also note that Ayers did not plead guilty until he had presented his section 1535.5 motions and thereafter appealed the unfavorable rulings. Moreover, Ayers has presented no reasons why he would not have been motivated to thoroughly test the constitutionality of each arrest in the criminal proceedings. On this basis, we conclude that Ay-

ers had both opportunity and motive to fully litigate the fourth amendment issues.

In light of *McGowan*, the district court properly applied the doctrine of collateral estoppel so as to preclude Ayers from relitigating those fourth amendment issues finally decided in the criminal actions. Accordingly, the district judge's grant of summary judgment is affirmed.

■ B. *Non–Suppression Hearing Issues.* Ayers' complaint alleged that during his second arrest police used excessive force against him and took $450 from him. Ayers cannot be collaterally estopped from asserting these claims because they were not at issue during his section 1538.5 hearings. Therefore, we remand these claims to the district court for further proceedings.

Each party is to bear its own costs on appeal.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.

2. In reaching its conclusions, the court in *Heath* relied on *People v. Gephart*, 93 Cal.App.3d 989, 156 Cal.Rptr. 489 (1979), which held that a ruling favorable to the accused in a section 1538.5 motion was not binding on the prosecutor of a different county on different charges. Such a ruling was necessary under the facts of that case

in order to preserve prosecutorial discretion. *Id.* at 1000, 156 Cal.Rptr. at 495–96. Such policy considerations are not present in a case such as this where a defendant in a civil action seeks to collaterally estop the plaintiff from relitigating an issue decided against him in a prior criminal proceeding.