996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cleveland Lee HARRIS, aka Efil Sih, Plaintiff-Appellant,
v.
Daryl GATES, et al., Defendants-Appellees.
 No. 91-56492.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 2, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cleveland Lee Harris, a California state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action claiming that his arrest violated the fourth amendment. Harris contends, and the appellees correctly concede, that the district court erred by finding the action barred by a one-year statute of limitations.[1] The appellees contend that the district court nonetheless properly found that the action also was barred by the collateral estoppel effect of the state court criminal proceedings. Harris further contends that the district court erred by denying his motions for default judgment.[2] We have jurisdiction under 28 U.S.C. § 1291. We vacate the district court's order and remand for further proceedings.
 
 
 3
 We review de novo the district court's grant of summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). "We must decide, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law." Id.
 
 
 4
 "State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action." Ayers v. City of Richmond, 895 F.2d 1267, 1271 (9th Cir.1990). In California, collateral estoppel may apply in a civil action to issues determined in a criminal action. Id. (citing McGowan v. City of San Diego, 256 Cal.Rptr. 537, 539 (Cal.Ct.App.1989)). The four criteria for the application of collateral estoppel are identity of issues, privity, whether there was a full and fair proceeding in the criminal action, and whether the criminal defendant was motivated to fully litigate the issue in the criminal action. Id. at 1271-72.
 
 
 5
 Harris contends that collateral estoppel does not bar his federal civil rights action because the issue of the constitutionality of his warrantless arrest was not determined in the criminal action.
 
 
 6
 The appellees rely, and the district court based its finding of collateral estoppel, on the following statement by Harris in an affidavit: "The rationale of Defendants for arresting the Plaintiff was contained in testimony by Defendants during the Trial of the Plaintiff...." Harris went on to state as follows: "[H]owever the Public Defender Defense Counsel of the Plaintiff left the said illegal arrest unchallenged, and assisted the prosecution by refusing to subject the Prosecution to its burden of justifying the arrest without warrant, reasonable or probable cause, nor exigent circumstances." These statements by Harris do not establish that the fourth amendment issue was determined in the criminal action.
 
 
 7
 Appellees ask us to take judicial notice of state appellate court documents, which they contend establish collateral estoppel. We may take judicial notice of facts " 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' " United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993) (quoting Fed.R.Evid. 201(b)(2)). Nevertheless, we ordinarily will not review issues not properly presented below. United States v. Anderson, No. 91-50395, slip op. 5225, 5231 (9th Cir. May 20, 1993). The determination whether the documents presented by appellees establish collateral estoppel is not purely a matter of law. See Ayers, 895 F.2d at 1271-72. Accordingly, we decline to take judicial notice of the documents. We vacate the district court's order granting summary judgment and remand for further proceedings.
 
 
 8
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In section 1983 actions, the federal courts apply the forum state's statute of limitations for personal injury torts. Wilson v. Garcia, 471 U.S. 261, 280 (1985); Van Strum v. Lawn, 940 F.2d 406, 408 (9th Cir.1991). In California, this period is one year. Cal.Civ.Proc.Code § 340(3); Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir.1989). The one-year period is tolled while criminal charges are pending against a section 1983 plaintiff. Cal.Gov't Code § 945.3; Harding v. Galceran, 889 F.2d 906, 908 (9th Cir.1989), cert. denied, 111 S.Ct. 951 (1991). Harris was arrested on November 13, 1987. He was charged in December 1987 and sentenced on May 12, 1989. He filed his complaint in the district court on November 30, 1989. Accordingly, the one-year statute of limitations does not bar his 42 U.S.C. § 1983 action
 
 
 [2]
 We review for an abuse of discretion the district court's decision whether to enter a default judgment. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986). The district court may enter a default against a defendant who has failed to plead or otherwise defend. Fed.R.Civ.P. 55(a). The district court denied Harris's first and second motions for default judgment because he had not properly served the appellees. The district court denied Harris's third motion for default judgment because in response to its order to show cause why default should not be entered, the appellees filed a motion to dismiss the action. These three rulings were not an abuse of discretion