29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis Duane HUNT, Plaintiff-Appellant,
v.
CITY AND COUNTY OF SAN FRANCISCO, et al., Defendants-Appellees.
 No. 93-16826.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 30, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis D. Hunt appeals pro se the district court's summary judgment in favor of the defendants in this 42 U.S.C. Sec. 1983 action. Hunt alleged that his Fourth Amendment rights were violated because he was arrested without probable cause. We review de novo, Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986, and we affirm.
 
 
 3
 * Hunt contends that the defendants should have been collaterally estopped from relitigating the legality of his arrest.[1] We disagree.
 
 
 4
 The party seeking to assert collateral estoppel has the burden of pleading and proving that estoppel applies. Hernandez v. City of Los Angeles, 624 F.2d 935, 937 (9th Cir.1980). State law governs the application of collateral estoppel to a state court judgment in a federal civil rights action. Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir.1990). Under California law, collateral estoppel applies only if the following conditions are met: (1) the prior proceeding must have been such that parties against whom collateral estoppel is asserted were fully motivated to litigate the issue; (2) there must have been a full and fair opportunity to litigate the issue; (3) the issue must be identical to that litigated in the earlier proceeding; and (4) the parties against whom collateral estoppel is asserted must have been parties to the earlier proceeding, or in privity with the parties. McGowan v. City of San Diego, 208 Cal.App.3d 890, 895 (1989).
 
 
 5
 Here, the district court ruled that Hunt had failed to demonstrate that the defendants in this action were parties to the prior criminal proceeding or in privity with the parties to that proceeding. In particular, the district court found that:
 
 
 6
 None [of the defendants] were parties to the criminal proceeding, in which the People of the State of California sought to prosecute [Hunt] for violations of the Health and Safety Code. Nor were they privies of the State of California. "Privity refers to a relationship between the party to be estopped and the unsuccessful party in the prior litigation which is 'sufficiently close' to justify applying collateral estoppel." Mueller v. J.C. Penney, 173 Cal.App.3d 713, 723 (1985). Defendants did not exercise control over the litigation, which was carried on by the District Attorney's office. Nor did they have a common interest with the District Attorney, whose exercise of prosecutorial discretion may have led him not to appeal the municipal court's finding that the arrest was illegal. Because [Hunt] has not shown that defendants were in privity with the People in the prior litigation, he has not shown that defendants may be properly precluded from relitigating the legality of plaintiff's arrest.
 
 
 7
 On appeal, Hunt has not demonstrated any error in the district court's analysis of this issue. We conclude that the defendants were not collaterally estopped from litigating the legality of Hunt's arrest in this action. See McGowan, 208 Cal.App.3d at 895.
 
 II
 
 8
 Hunt argues that the district court erred by granting summary judgment in favor of the defendants. In particular, he argues that the district court improperly relied on the defendants' affidavits in determining that there was no genuine issue of material fact. These arguments lack merit.
 
 
 9
 First, under Fed.R.Civ.P. 56(c) and 56(e), the district court was required to consider the facts presented in the defendants' affidavits. Moreover, we agree with the district court's conclusion that Hunt failed to present sufficient evidence to show that there was a genuine issue for trial regarding the legality of his arrest. See T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987) (to withstand summary judgment, the nonmoving party "must produce at least some significant probative evidence tending to support the complaint").[2] Instead, Hunt merely attempted to discredit certain statements contained in Officer Gamble's affidavit. See id. (in opposing summary judgment, the nonmoving party cannot "merely state that it will discredit the moving party's evidence at trial and proceed in the hope that something can be developed at trial in the way of evidence to support its claim"). Nor did Hunt provide any evidence that Police Officers D'Arcy and Sudano engaged in any conduct that violated Hunt's Fourth Amendment rights. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant [in an alleged violation of plaintiff's constitutional rights].") Accordingly, the district court properly granted summary judgment in favor of Officers Gamble, D'Arcy, and Sudano.
 
 
 10
 The district court also correctly granted summary judgment in favor of the City and County of San Francisco, and former San Francisco Police Chief Frank Jordan. Hunt's claims against these defendants were based on their alleged policy of approving and encouraging illegal arrests, and their alleged inadequate training of police officers. See City of Canton v. Harris, 489 U.S. 378, 388-90 (1989) (local government may be held liable under section 1983 for inadequate training only where the failure to train amounts to deliberate indifference to the rights of persons with whom government employees come into contact); Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978) (to prevail in a section 1983 action against a local government body, the plaintiff must demonstrate that official policy or custom was responsible for the violation of his constitutional rights). Hunt failed to provide any evidence that there was a policy of approving or encouraging illegal arrests, or that the police officers were inadequately trained. Accordingly, the district court did not err by granting the defendants' motion for summary judgment. See T.W. Electrical Serv., 809 F.2d at 630.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Hunt's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 During criminal proceedings in California state court, the trial judge ruled that Hunt's arrest was illegal
 
 
 [2]
 To support his opposition to the defendants' summary judgment motion, Hunt offered the transcript of the municipal court's oral ruling that his arrest was illegal. But this document did not constitute significant probative evidence because the municipal court judge did not make any specific findings of fact regarding the police officers' conduct