**Solomon Goddy LATO, Plaintiff,**

v.

**Officer SIEVERMAN, et al., Defendants.**

**No. CV 94–2169–DT(RMC).**

United States District Court,
C.D. California.

Feb. 15, 1996.

Solomon G. Lato, Big Springs, TX, pro se.

Thomas E. Francis, Lewis, D'Amato, Brisbois & Bisgaard, Costa Mesa, CA; Theresa K. Hyun, Theresa K. Hyun Law Office, Orange, CA; Peter M. Glick, Senior Deputy County Counsel, Los Angeles, CA, for Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

TEVRIZIAN, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Complaint and other papers along with the attached Report and Recommendation of the United States Magistrate Judge, as well as the objections filed by plaintiff on February 12, 1996, and has made a *de novo* determination of the Report and Recommendation.

IT IS ORDERED that: (1) the Report and Recommendation is approved and adopted; (2) defendants' motion to dismiss is GRANTED; (3) defendants' request for attorneys' fees is DENIED; and (4) the Complaint and action are dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on the parties.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

This report and recommendation is submitted to the Honorable Dickran Tevrizian, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

### BACKGROUND

On April 5, 1994, plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis,* filed a civil rights complaint under 42 U.S.C. § 1983. Pursuant to orders by this Court, plaintiff filed a Fourth Amended Complaint on December 7, 1995 ("Complaint"). Plaintiff brings a Fourth Amendment claim for an unlawful search against several police officers employed by the City of Signal Hill, the City of Signal Hill, and the Chief of Police of Signal Hill.

Plaintiff's allegations arise from the defendant police officers' search of a room at Comfort Inn occupied by plaintiff and Melanie Johnson ("Johnson") on April 21, 1992. Plaintiff claims that the defendant police officers lacked probable cause to search the motel room and that Johnson's consent to the search was based on the misrepresentations by defendant police officers that they had received complaints of narcotics trafficking. (Complaint, 3:8–4:14). Evidence discovered during the search led to plaintiff's arrest and subsequent conviction for violating California Penal Code (P.C.) § 484e (theft of access card), P.C. § 470a (forgery of driver's license), P.C. § 472 (forgery of government seal), and P.C. § 470b (possession of forged driver's license). Plaintiff seeks damages arising from his imprisonment prior to conviction, pain and suffering, the seizure of certain personal property and punitive damages. (Complaint, 5:10–6:5).

Pursuant to defendants' request filed September 13, 1995, this Court takes judicial notice of the court records in the following cases: 1) the unpublished California Court of Appeal opinion in *People v. Solomon Goddy Lato,* and *In re Solomon Goddy Lato,* No. B071083 (affirming plaintiff's conviction and denying his petition for writ of habeas corpus); 2) the California Supreme Court order, *In re Solomon Goddy Lato,* No. S043035 (denying plaintiff's petition for writ of habeas corpus); and 3) the transcript of the August 14, 1992 hearing on plaintiff's motion to suppress evidence under Penal Code Section 1538.5, *People v. Solomon Goddy Lato,* Los Angeles Superior Court No. NA011235. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir.1992); *United States v. Author Services, Inc.,* 804 F.2d 1520, 1523 (9th Cir.1986), *amended* 811 F.2d 1264.

(Copies of these records have been lodged with this Court in *Solomon Goddy Lato v. D.R. Hill,* No. CV 95–0067–DT(RMC).) Based on these records, defendants filed a motion to dismiss on December 26, 1995, arguing that collateral estoppel applies to preclude plaintiff's claim. Plaintiff filed a response (opposition) on January 12, 1996.

## DISCUSSION

### 1. Unlawful Search:

A motion to dismiss for failure to state a claim, under Fed.R.Civ.P. 12(b)(6) should be granted when it is clear that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). In considering the motion to dismiss, the court must accept the allegations of the complaint as true. *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232–33; *Hospital Bldg. Co. v. Trustees of Rex Hosp.,* 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976). Yet, the Court need not accept as true facts which may be judicially noticed. *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1388 (9th Cir.1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988).

The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). Moreover, *pro se* pleadings are held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam). *Kar-*

*im–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir.1988).

Under collateral estoppel, or issue preclusion, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the prior litigation. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980); *Hawkins v. Risley,* 984 F.2d 321, 325 (9th Cir.1993). The principle of collateral estoppel applies in Section 1983 actions to bar the relitigation of claims previously decided in a state criminal action. *Allen v. McCurry,* 449 U.S. at 103–04, 101 S.Ct. at 419–20; *Ayers v. City of Richmond,* 895 F.2d 1267, 1270 (9th Cir. 1990). Further, federal courts accord preclusive effect to issues decided in a prior state court judgment even though the plaintiff had no opportunity to litigate the claim in a federal forum. *See* 28 U.S.C. § 1738; *Allen v. McCurry,* 449 U.S. at 103–04, 105, 101 S.Ct. at 419–20, 420–21; *Hawkins,* 984 F.2d at 323.[1]

In Section 1983 actions, state law governs whether collateral estoppel is applied to a prior state court judgment. *Allen,* 449 U.S. at 96, 101 S.Ct. at 415–16; *Ayers,* 895 F.2d at 1270. In California, four criteria govern the application of collateral estoppel to issues raised in a prior criminal proceeding: (1) the proceeding must have been for a serious offense so that the defendant was motivated to fully contest the charges; (2) the defendant must have had a full and fair trial; (3) the issue on which the prior ruling is offered must of necessity have been decided in the criminal trial; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior proceeding. *Ayers,* 895 F.2d at 1271

---

1. In *Heck v. Humphrey,* —— U.S. ——, ——, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), the Supreme Court held that whenever a civil rights plaintiff seeks damages for unlawful actions which would render his conviction invalid, his complaint must be dismissed unless he demonstrates that the conviction has already been invalidated. *Id.* The court also stated that a suit for "an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the Section 1983 plaintiff's still-outstanding conviction." *Heck,* —— U.S. at —— –—— n. 7, 114 S.Ct. at 2372–73 n. 7. The court posited circumstances where such a Fourth Amendment suit might arise. *Id.* Nothing in *Heck,* however, alters the application of collateral estoppel as mandated by *Allen.*

Here, while it is possible that plaintiff's suit might also be dismissed under *Heck,* we need not reach that issue because the doctrine of collateral estoppel applies to preclude plaintiff's claim.

(citing *McGowan v. City of San Diego,* 208 Cal.App.3d 890, 256 Cal.Rptr. 537, 539 (1989)). Applying these criteria, the Ninth Circuit held that a Section 1983 plaintiff was collaterally estopped from relitigating a Fourth Amendment illegal search claim decided against him by the state trial court in a hearing on a motion to suppress under Section 1538.5. *Ayers,* 895 F.2d at 1271–72.

Here, the plaintiff litigated his Fourth Amendment claim that defendant police officers conducted an unlawful search of his motel room in a hearing on a motion to suppress under Section 1538.5; the trial court refused to suppress the evidence, finding the search to have been lawful due to the consent by Johnson, the co-occupant of the motel room. Collateral estoppel bars the relitigation of the Fourth Amendment claim here because the four criteria discussed in *Ayers* have been met. *See United States v. Real Property Located in El Dorado County,* 59 F.3d 974, 980 n. 4 (9th Cir.1995). First, plaintiff had the motivation to fully litigate the Fourth Amendment issue in his criminal trial because he was charged with four separate felony counts. (*See* Opinion of California Court of Appeal ("D.C.A. Opinion"), p. 2). Had plaintiff prevailed on his motion to suppress the evidence discovered in the search of his motel room, the State of California would have been precluded from using that evidence to prove the charges against him. (*See* D.C.A. Opinion, p. 26). Thus, the first criterion under *Ayers* has been met.

Second, plaintiff received a full and fair hearing, resulting in a final determination on the merits. After taking evidence and hearing argument on the Section 1538.5 motion, the trial court ruled that the search was valid due to the consent of Johnson, the co-occupant of the motel room. (August 14, 1992 hearing transcript, p. 89). Subsequent to his conviction, plaintiff sought to overturn the trial court's ruling both on direct appeal and through a state habeas corpus action. The trial court's ruling, however, was affirmed in a detailed opinion by the California Court of Appeal. (D.C.A. Opinion, pp. 18–24). Plaintiff also sought review of the ruling in a petition for writ of habeas corpus before the California Supreme Court, which was denied without comment. Thus, the second criterion under *Ayers* has been met.

Third, plaintiff's present claim that defendant police officers lacked probable cause to search the motel room is identical to the issue of the legality of the search raised in the Section 1538.5 motion. The California standard for determining the constitutionality of a search under the Fourth Amendment is identical to the federal standard. *Ayers,* at 1271; *In re Lance W.,* 37 Cal.3d 873, 896, 210 Cal.Rptr. 631, 694 P.2d 744 (1985). The California Court of Appeal upheld the trial court's determination that no Fourth Amendment violation occurred, holding that where a search is conducted pursuant to a valid consent, there is no violation of the Fourth Amendment. (D.C.A. Opinion, pp. 22–23 (citing *People v. Bravo,* 43 Cal.3d 600, 605, 238 Cal.Rptr. 282, 738 P.2d 336 (1987)) (relying on *Washington v. Chrisman,* 455 U.S. 1, 9–10, 102 S.Ct. 812, 818, 70 L.Ed.2d 778 (1982))). Thus, the third criterion under *Ayers* has been met.

■ Finally, privity exists where the party against whom collateral estoppel is asserted was a party to the prior adjudication in which the issue to be estopped was decided. *Ayers,* 895 F.2d at 1271. Plaintiff, the party against whom collateral estoppel is asserted, was the defendant in the criminal action, thus creating privity. Therefore, the fourth criterion under *Ayers* has been met.

■ Under the principle of collateral estoppel, plaintiff cannot relitigate in the federal court the constitutional claim previously decided against him by the California courts. Accordingly, defendants' motion to dismiss should be granted.

## 2. Attorneys' Fees:

■ Based upon their successful motion to dismiss, defendants seek attorneys' fees under 42 U.S.C. Section 1988. "The authorization of an award of attorneys' fees under 42 U.S.C. § 1988 applies differently to prevailing defendants than to prevailing plaintiffs.... [A] prevailing defendant should not routinely be awarded attorneys' fees simply because he has succeeded, but rather only where the action is found to be 'unrea-

sonable, frivolous, meritless, or vexatious.' ... Thus the mere fact that a defendant prevails does not automatically support an award of fees." *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir.1994). "The fact that a prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees. An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Hughes v. Rowe,* 449 U.S. 5, 15, 101 S.Ct. 173, 178–79, 66 L.Ed.2d 163 (1980). More generally, the Ninth Circuit has held that "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Brooks v. Cook,* 938 F.2d 1048, 1055 (9th Cir.1991) (quoting *Barry v. Fowler,* 902 F.2d 770, 773 (9th Cir.1990)). *See also Thomas v. Douglas,* 877 F.2d 1428, 1434 n. 8 (9th Cir. 1989) (defendants' attorneys' fees request denied although summary judgment for defendants).

Merely because plaintiff did not succeed in proving a violation of the Fourth Amendment does not mean that his action was abjectly frivolous. *Accord Brooks,* 938 F.2d at 1055. Collateral estoppel is a "subtle" legal deficiency which even attorneys often do not fully comprehend. Thus, under the *Hughes* test, defendants are not entitled to attorneys' fees.

### RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order (1) approving and adopting the Report and Recommendation; (2) denying defendants' request for attorneys' fees; and (3) dismissing the Complaint and action with prejudice.

DATE: January 26, 1996.