Michael BAZLEY, Plaintiff–Appellant,

and

Miesha Bazley; Teanna Kelley, Plaintiffs,

v.

Marc HENSLEY, Police Officer, City of Sacramento; Gary Kereazis, Police Officer, City of Sacramento; Aaron Wyley, Police Officer, City of Sacramento; City of Sacramento, Defendants–Appellees.

No. 01–15500.

D.C. No. CV–97–02310 LKK/JFM.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2002.[*]

Decided Jan. 8, 2003.

---

1. 28 U.S.C. § 1291.

5. *Id.* at 368 & n. 2.

6. *See id.* at 369.

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before CANBY and RYMER, Circuit Judges, and BERTELSMAN,** Senior District Judge.

### MEMORANDUM ***

Mike Bazley appeals the district court's summary judgment in favor of three Sacramento police officers in Bazley's 42 U.S.C. § 1983 action. Bazley, who is a state prisoner proceeding pro se, alleged that the defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Section 1 of the California Constitution by conducting several unlawful searches and seizures at his residence. The district court granted partial summary judgment to the defendants,[1] holding that Bazley was collaterally estopped from pursuing claims for illegal search and seizure because he previously litigated the same issue in a proceeding to suppress evidence. Bazley appeals and we affirm the decision of the district court.

We review de novo the district court's ruling that collateral estoppel was available. *Bates v. Union Oil Co. of Cal.*, 944 F.2d 647, 649 (9th Cir.1991). We must give preclusive effect to a California state judgment if California courts would do so. 28 U.S.C. § 1738; *see Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

The district court properly held that Bazley was precluded from relitigating the validity of the parole searches. The California state court upheld the validity of the searches when it ruled on Bazley's motion to suppress evidence found in those searches. California courts would find such a ruling preclusive in later litigation if: (1) the prior charges were sufficiently serious to motivate the defendant to litigate the issue; (2) there was a full and fair proceeding to determine the validity of the searches; (3) the validity of the searches was necessarily decided in that proceeding; and (4) the party against whom the collateral estoppel is asserted was a party or privy to the earlier litigation. *See McGowan v. City of San Diego*, 208 Cal.App.3d 890, 895, 256 Cal.Rptr. 537 (1989); *see also Ayers v. City of Richmond*, 895 F.2d 1267,

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. The remaining claims went to trial and the jury found in favor of the defendants. Bazley has not appealed the verdict.

1271 (9th Cir.1990) (applying *McGowan* in federal civil rights action).

Here, all four of the criteria are met. First, the charge of fraudulent use of an access card was sufficiently serious to motivate Bazley to litigate the issue of validity of the searches, which he did. Second, there was a full and fair hearing, conducted over eight separate days, in which Bazley was represented by counsel who fully briefed and argued the motion. Third, the validity of the searches was necessarily decided by the suppression ruling. Fourth, Bazley was a party to the earlier proceeding. The district court therefore correctly held that Bazley was estopped from asserting the invalidity of the searches in the present action.

Bazley's primary argument in this appeal is that he could not fully litigate the suppression ruling because the charges relating to that ruling were dismissed, and he therefore had neither the incentive nor the opportunity to appeal the adverse suppression ruling. We need not decide whether other avenues of appeal would have been open to Bazley if the facts had been as he states them. The evidence that was the subject of the suppression hearing related to, among other things, the fraudulent use of an access card. Although some charges against Bazley were dismissed (a fact that the defendants do not dispute), Bazley was found guilty of fraudulent use of an access card. The magistrate judge so found in the district court here, and Bazley did not object to that finding. He accordingly is bound by it on this appeal. *See Smith v. Frank,* 923 F.2d 139, 141 (9th Cir.1991).

The record is silent concerning the reason why Bazley did not seek review of the denial of his suppression ruling, but we conclude that he was not denied the opportunity in light of his conviction for fraudulent use of an access card. The district court accordingly did not err in holding that he was collaterally estopped. The judgment of the district court is

AFFIRMED.