OLYMPIC COAST INVESTMENT, INC., a Washington corporation, Plaintiff,

and

Quentin M. Rhoades, Appellant,

v.

Joseph H. SEIPEL, an individual, dba Market Research Group, Defendant–Appellee.

No. 05–35381.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Dec. 7, 2006.

Quentin M. Rhoades, Sullivan, Tabaracci & Rhoades, P.C., Missoula, MT, for Plaintiff.

Quentin M. Rhoades, Sullivan, Tabaracci & Rhoades, P.C., Missoula, MT, pro se.

Scott Fisk, Esq., Crowley, Haughey, Hanson, Toole & Dietrich, Helena, MT, for Defendant–Appellee.

Before: GOODWIN, FISHER and SMITH, Circuit Judges.

## MEMORANDUM *

Appellant Quentin Rhoades (Rhoades) appeals for review of the district court's interlocutory order denying Defendant–Appellee Joseph Seipel's (Seipel) motion in limine to exclude expert reports on the condition that Rhoades—counsel for plaintiff Olympic Coast Investment, Inc. (OCI)—reimburse Seipel for reasonable attorney's fees and expenses incurred in preparing the motion. We review for an abuse of discretion the district court's imposition of discovery sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1105–06 (9th Cir.2001). Because the district court had the authority under Federal Rule of Civil Procedure 16(f) to sanction Rhoades for failing to comply with the court's scheduling order, we affirm on that basis and do not reach the question whether Rule 37(c)(1) authorizes the imposition of attorney's fees against counsel.

### I.

■ To facilitate discovery, the district court issued a scheduling order requiring that OCI disclose liability and damage experts by June 4, 2004. The order required expert reports to "be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify," and warned that "[a]n inadequate

report or disclosure may result in exclusion of the expert's opinions at trial. . . ."

As the district court properly found, OCI violated the district court's order by submitting incomplete expert reports. None of the four documents Rhoades relies on as expert reports contained a complete statement of all opinions to which the experts would testify, nor did they disclose OCI's compensation arrangements or a listing of other cases in which the experts had testified at trial or by deposition within the preceding four years. *See* Fed. R.Civ.P. 26(a)(2)(B). Because OCI's expert reports were deficient, the district court reasonably concluded that OCI failed to comply "with the court's [scheduling] order in this case, which required that experts' reports be complete and consistent with the requirements of Rule 26(b)."

If a party or party's attorney violates a scheduling order, the district court may impose sanctions under Rule 16(f) directly against a party's attorney. *See* Fed. R.Civ.P. 16(f) (empowering district courts to "require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees").

■ The trial court concluded that because the failure to comply with its scheduling order was a "counsel-generated issue," Rhoades should bear the cost of reimbursing Seipel for attorney's fees associated with bringing the motion in limine. The district court did not abuse its discretion in sanctioning Rhoades directly.

### II.

■ The district court's imposition of attorney's fees did not violate Rhoades's due process rights. "Imposition of sanc-

---

tions under Rule 16(f) requires notice and an opportunity to be heard." *Ayers v. City of Richmond,* 895 F.2d 1267, 1270 (9th Cir.1990). Rhoades received both.

First, Rhoades received adequate notice of the possibility of sanctions. In Seipel's brief in support of his motion in limine, Seipel argued that OCI had not complied with the district court's scheduling order, supported his motion with citation to Rule 16(f) and requested all reasonable expenses, including attorney's fees. Moreover, after Rhoades failed to appear at the initial hearing on Seipel's motion in limine, the district court recommended that Seipel submit an application for attorney's fees and costs associated with his motion. Seipel's brief and the district court's order sufficiently alerted Rhoades to the possibility of personal sanctions.

Second, Rhoades had an opportunity to be heard. He attended a hearing concerning Seipel's motion in limine and subsequently had the opportunity to brief the imposition of sanctions in a response to Seipel's application for fees. *See Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1118 (9th Cir. 2000) (holding that district court was not required to conduct hearing before imposing monetary sanctions against attorney where attorney was given opportunity to respond in writing to allegations lodged against him).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.