50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brenda WALKER, Plaintiff-Appellant,
v.
CITY OF SAN BERNARDINO; Frank Alvarez; Todd Haumann; Dana
Bee, et al., Defendants-Appellees.
 No. 93-56273.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 21, 1994.*
Decided March 7, 1995.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brenda Walker ("Walker") appeals pro se the district court's grant of summary judgment in favor of the City of San Bernardino ("City") and San Bernardino police officers in Walker's 42 U.S.C. Sec. 1983 action. Walker contends that the district court erred by granting summary judgment on her claims that the police officers used excessive force and failed to provide her with adequate medical care when they arrested her. Having jurisdiction under 28 U.S.C. Sec. 1291, we affirm the district court's decision.
 
 
 3
 * In August 1990, Walker was convicted of incitement to riot, two counts of resisting arrest, advocating violence against a police officer, and battery on an officer during a conflict that arose when her son was stopped by police on February 25, 1990.
 
 
 4
 On September 27, 1991, Walker, represented by counsel, filed a civil rights complaint in district court against the City; Officers Frank Alvarez, Todd Haumann, Dana Bee, Gerald John Applegate, John R. Migaiolo, and Randy Wilson; Sgt. Theodis Henson, Jr.; and Chief of Police Daniel A. Robbins. Walker alleged that on February 25, 1990, she was severely beaten without cause or justification by defendants and thereafter denied medical attention.
 
 
 5
 The defendants filed a motion for summary judgment on February 12, 1993. On April 13, 1993, the district court granted summary judgment as to all defendants on Walker's excessive force claim. The district court found that Walker was collaterally estopped from relitigating whether defendants Henson and Haumann used excessive force because this issue was decided at Walker's criminal trial. The district court also found that all of the defendant officers were entitled to qualified immunity and that there was no liability on the part of the City or Chief Robbins.
 
 
 6
 On June 28, 1993, the defendants filed a second summary judgment motion relating to Walker's medical care claim. On July 23, 1993, the district court granted summary judgment as to all defendants on this claim, finding that Walker could not establish liability under the Fourteenth, Fourth, or Eighth Amendments. Walker timely appeals. We affirm.
 
 II
 
 7
 Walker contends that the district court erred by granting summary judgment on her excessive force claim. In the district court, Walker, represented by counsel, made civil rights claims regarding excessive force and inadequate medical care. In her pro se brief to this court, however, Walker argues that she was denied her constitutional rights at her criminal trial. Generally, this court will not consider issues which are presented for the first time on appeal. Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir.1991). However, Walker's brief includes some statements that could be liberally construed as challenges to the district court's orders. Because pro se pleadings in civil rights cases are liberally construed, see Lopez v. Department of Health Servs., 939 F.2d 881, 882-83 (9th Cir.1991) (per curiam), we will regard Walker's appeal as a challenge to the district court's summary judgment order.
 
 
 8
 This court reviews de novo the grant of summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). This court "must decide, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law." Id., quoting Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 III
 Excessive Force Claim
 
 9
 Walker contends that the district court erred by finding that she was collaterally estopped from relitigating whether defendants Henson and Haumann used excessive force against her in February, 1990.
 
 
 10
 "State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action." Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir.1990). In California, collateral estoppel may apply in a civil action to issues determined in a criminal action. Id. at 1270-71. The four criteria for the application of collateral estoppel are identity of issues, privity, whether there was a full and fair proceeding in the criminal action, and whether the criminal defendant was motivated to fully litigate the issues in the criminal action. Id. at 1271.
 
 
 11
 Police officers' use of excessive force violates the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 395 (1989); United States v. Reese, 2 F.3d 870, 883 (9th Cir.1993), cert. denied, 114 S.Ct. 928 (1994). "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them...." Graham, 490 U.S. at 397.
 
 
 12
 Walker was a party to her criminal conviction; her trial was full and fair; and she was motivated to fully litigate the issues because the charges were serious. See Ayers, 895 F.2d at 1271-72. Moreover, the identity of issues criterion was satisfied because the jury instructions given at Walker's criminal trial show that the jury must have decided that Henson and Haumann used reasonable force in arresting Walker. Accordingly, the district court did not err by finding Walker collaterally estopped from relitigating the excessive force issue as to Henson and Haumann. See Graham, 490 U.S. at 397; Ayers, 895 F.2d at 1271-72.
 
 IV
 Qualified Immunity
 
 13
 Walker next argues that the district court erred by finding that all of the defendant officers were protected by qualified immunity.
 
 
 14
 Qualified immunity "shields government officials performing discretionary functions from liability for civil damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Scott v. Henrich, 39 F.3d 912, 914 (9th Cir.1994), quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). " 'In Fourth Amendment unreasonable force cases, ... the qualified immunity inquiry is the same as the inquiry made on the merits.' " Id. at 914-15, quoting Hopkins v. Andaya, 958 F.2d 881, 885 n. 3 (9th Cir.1992). The district court may grant summary judgment in favor of the defendants on qualified immunity "if the district court concludes, after resolving all factual disputes in favor of the plaintiff, that the officer[s'] use of force was objectively reasonable under the circumstances." Id. at 915.
 
 
 15
 Here, in support of their summary judgment motion, the defendants submitted records of the state court criminal proceedings against Walker, and the district court took judicial notice of these records. Walker's summary of the facts can be found in her appellate brief to the Superior Court of the State of California and is as follows: On February 25, 1990, Officer Bee followed a car whose driver, Walker's son Nathaniel Collins, had refused to stop when Bee activated his overhead lights. Collins parked next to Walker's house, and five to ten people gathered. Bee radioed for backup, and several other officers arrived. A crowd of fifty to sixty people assembled. Walker arrived, carrying a cordless telephone. A confrontation developed between Officer Alvarez and Gary Lee, another of Walker's sons. Sgt. Henson sent Alvarez back to his car and ordered Officers Bee and Haumann to arrest Lee, who ran off through the crowd. Bee and Haumann followed, and several people in the crowd hit them. Collins and Lee fought with Officer Haumann, and Walker hit Haumann with her telephone. She also appeared to hit Sgt. Henson, who, along with Officers Alvarez and Applegate, was attempting to handcuff Collins. Officers Alvarez and Haumann hit Walker with batons during the fight. Her head was split open, and she suffered numerous bruises and lacerations as well as a broken hand and a broken arm.
 
 
 16
 In opposition to the defendants' summary judgment motion, Walker submitted parts of her deposition and answers to interrogatories. Walker stated that she tried to defend Collins, who was being beaten by five officers. Haumann hit her legs with a baton and then drew a gun, and Walker backed off. According to Walker, Alvarez then repeatedly hit her head with a baton, broke her arm, kicked her, and knocked her unconscious.
 
 
 17
 The jury in Walker's criminal trial found that the police officers did not use excessive force to arrest Walker, and Walker is collaterally estopped from relitigating this issue. We therefore affirm the district court's finding that in the context of the fight between the officers and the crowd, all of the officers used reasonable force, and therefore were protected by qualified immunity. See Scott, 39 F.3d at 914.
 
 V
 Municipal Liability
 
 18
 Next, Walker contends that the district court erred by granting summary judgment in favor of the City and Chief Robbins.
 
 
 19
 A Sec. 1983 plaintiff may establish the liability of a municipality in three ways. Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir.1992) (per curiam), cert. denied, 114 S.Ct. 345 (1993). "First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.' " Id., quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989). Second, the plaintiff may prove that a municipal official with final policy-making authority committed a constitutional violation. Id. Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional action. Id. at 1346-47.
 
 
 20
 Walker claimed that the City and Robbins failed to adequately supervise police officers in the underlying incident. Furthermore, they did not respond satisfactorily to Walker's repeated complaints. According to Walker, both failures evidence deliberate indifference to the use of excessive force and improper tactics by police officers. Thus, Walker's municipal liability claim is based on the assumption that the police officers used excessive force. Because we find that the officers did not use excessive force under the circumstances, we hold that the district court properly granted summary judgment as to the City and Robbins on the issue of municipal liability.
 
 VI
 Medical Care Claim
 
 21
 Finally, Walker contends that the district court erred by granting summary judgment on her medical care claim.
 
 
 22
 To prevail on a Fourteenth Amendment claim for inadequate medical care, a pretrial detainee must show that the defendants exhibited deliberate indifference to her serious medical needs. Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986); see McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (Eighth Amendment standard); see also Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994) (defining deliberate indifference).
 
 
 23
 Walker claimed that the defendants delayed taking her to the hospital after her arrest and contributed to a further thirty-minute delay at the hospital. She argued that police records and her deposition, construed in the light most favorable to her, showed that she did not arrive at the hospital until one hour after her arrest. As the defendants argued, however, the further delay at the hospital indicates that Walker did not need immediate medical treatment. Accordingly, the district court did not err by granting summary judgment in favor of the defendants. See Jones, 781 F.2d at 771.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3