958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobby E. FAVORS, Petitioner-Appellant,
v.
Larry SPURGEON, Robert J. Stout, John Doe, Defendants-Appellees.
 No. 91-15257.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 17, 1992.
 
 Before BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bobby E. Favors, an Arizona state prisoner, appeals pro se the district court's summary judgment dismissal of his civil rights action alleging that Arizona Department of Corrections parole board officials violated his constitutional rights by revoking his parole. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 BACKGROUND
 
 3
 Favors was convicted in Arizona state court of assault with intent to commit murder and was sentenced to twenty-five years to life imprisonment. Following the completion of the custodial portion of his sentence, he was paroled in the State of Washington.
 
 
 4
 Shortly after Favors began his parole, his Washington parole officer filed a parole violation report. The Arizona Department of Corrections issued a warrant for his arrest, and he was extradited to Arizona. At a parole revocation hearing held in Arizona, an administrative hearing officer concluded that Favors had violated his parole.
 
 
 5
 Favors filed for post-conviction relief in the Superior Court of Arizona against the State of Arizona and the Arizona Department of Corrections (ADOC), alleging that his federal constitutional rights were violated when he was extradited from Washington to Arizona without benefit of a hearing in Washington with court-appointed counsel. The Superior Court denied relief. He appealed to the Arizona Court of Appeals, which affirmed the denial. The Supreme Court of Arizona denied review of the decision.
 
 
 6
 On October 11, 1989, Favors filed a 42 U.S.C. § 1983 action against individual ADOC parole board officers, challenging the revocation of his parole on the same constitutional grounds. The district court granted summary judgment in favor of the parole board officials on the ground that Favors was collaterally estopped from relitigating the validity of his parole revocation.
 
 STANDARD OF REVIEW
 
 7
 We review de novo the district court's grant of summary judgment. Gilbert v. Ben-Asher, 900 F.2d 1407, 1410 (9th Cir.), cert. denied, 111 S.Ct. 177 (1990). The availability of collateral estoppel is a mixed question of law and fact which we review de novo. Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir.1990).
 
 DISCUSSION
 I. Collateral Estoppel
 
 8
 Favors contends that the district court erred in finding that he was collaterally estopped from relitigating the validity of his parole revocation.
 
 
 9
 Issues that were litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent federal civil rights action as they enjoy in the courts of the state where judgment was rendered. Allen v. McCurry, 449 U.S. 90, 96 (1980); Ayers, 895 F.2d at 1270. Under Arizona law, collateral estoppel "is applicable when the issue or fact to be litigated was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment." Chaney Building Co. v. City of Tucson, 148 Ariz. 571, 716 P.2d 28, 30 (Ariz.1986) (en banc). Collateral estoppel may be used defensively by a nonparty against a party to a prior proceeding. Manzanita Park v. Insurance Co. of North America, 857 F.2d 549, 552 (9th Cir.1988), citing Standage Ventures Inc. v. State, 114 Ariz. 480, 562 P.2d 360, 364 (1977).
 
 
 10
 Here, Favors fully litigated his federal constitutional claims in the prior state action. Accordingly, he is collaterally estopped from relitigating the claims in this action. Allen, 449 U.S. at 105.
 
 II. Stay of Civil Rights Action
 
 11
 For the first time on appeal, Favors contends that the district court should have stayed his civil rights action to permit him to present his claims in a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. Because there are no exceptional circumstances warranting review of this contention for the first time on appeal, we decline to address it. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985).
 
 III. Attorney's Fees
 
 12
 The respondents request attorney's fees on appeal pursuant to 42 U.S.C. § 1988. We conclude that fees are not appropriate, and deny the request. See Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir.), cert. denied, 488 U.S. 995 (1988).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3