19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey LINZ, Plaintiff-Appellant,
v.
CITY OF BREA, J. Brakebill, D.R. Gray, et al., Defendants-Appellees.
 No. 92-56083.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 1, 1994.
Decided March 24, 1994.
 
 Before: BROWNING, BOOCHEVER AND KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review the dismissal of Linz's claims de novo. In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 816 (9th Cir.1992).
 
 
 3
 Linz waived his claim based on being handcuffed too tightly. During Linz's deposition his attorney said that the "claim stops at the point in time after they drew the blood." He objected to questions about the subsequent period which included the time when Linz was allegedly handcuffed too tightly, and said "[w]e are withdrawing that part of the complaint." Linz may not resurrect the handcuffing claim on appeal.
 
 
 4
 The blood test raises more complex issues. When Linz was arrested in 1986, the police in California could have reasonably believed that force could be used to draw a blood sample to test for alcohol, so long as the force used did not "shock the conscience." Hammer v. Gross, 932 F.2d 842, 850 (9th Cir1991) (en banc). His arrest was prior to Graham v. Connor, 490 U.S. 386, 395 (1989), which established that force used in an arrest must be measured by an objective standard of reasonableness under the Fourth Amendment, not a "shock the conscience" test under the Fifth Amendment.
 
 
 5
 In his criminal case, Linz moved to suppress the blood test results on the ground, inter alia, of "denial of due process for failure to permit the defendant to have a chemical test of his or her choice," and "denial of due process in the way defendant's blood was extracted." This put at issue whether the amount of force and means used to extract the blood "shocked the conscience," because that was the due process test at that time. He lost his suppression motion. That result establishes for purposes of Linz's section 1983 lawsuit that the amount of force used by the police fell below the level which would "shock the conscience." Ayers v. City of Richmond, 895 F.2d 1267, 1271 (9th Cir.1990) (collateral estoppel bars relitigation of issues previously decided in criminal suppression hearing).
 
 
 6
 Linz argues that he should have been allowed to prove use of an unreasonable amount of force under Graham in his section 1983 case despite the suppression ruling, because that issue has never been litigated. We are required to reject Linz's argument by Hammer v. Gross, 932 F.2d 842, 850 (9th Cir.1991) (en banc). That case holds, at section VI, that as a matter of law, before Graham v. Connor came down in 1989, police officers were immune from section 1983 personal liability for force used to take a blood test even if the force was unreasonable, so long as it fell below a level which would shock the conscience.
 
 
 7
 Reasonable officers ... cannot be required to have anticipated the ruling in Graham. We conclude as a matter of law ... that [the] officers ... are immune from personal liability in damages for their actions in applying or authorizing the use of force that was unreasonable in all the circumstances but well below the level that shocks the conscience.
 
 
 8
 Hammer, 932 F.2d at 850. Linz argues that Hammer is not controlling because it is a plurality opinion. On some issues resolved in Hammer he would be correct, but the relevant holding was in the opinion of the court, and six judges joined in section VI, so we are bound by it.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3