116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony Chargualaf FLORES; Gloria Pangelinan Flores,
Plaintiffs-Appellants,
v.
Jerry MESENBOURG; Commonwealth of the Northern Mariana
Islands; Jose M. Castro; Gregorio Camacho;
Vicente Seman; Lupe Manglona; Cheryl
Gill; Jane Arthur-Burkhart,
Defendants-Appellees.
 No. 95-17241.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 14, 1997.
Decided June 2, 1997.
 
 Appeal from the United States District Court for the Northern Mariana Islands Alex R. Munson, Chief Judge, Presiding.
 BEFORE: SKOPIL, CANBY and RYMER, Circuit Judges
 MEMORANDUM*
 Anthony Flores[1] appeals the district court's grant of summary judgment in favor of the Commonwealth of the Northern Mariana Islands in his 42 U.S.C. § 1983 action alleging that officials of the Commonwealth violated his civil rights during his arrest for a parole violation and his subsequent confinement in the Saipan
 jail. Flores contends (1) that the district court erred in granting summary judgment in favor of Vincente Seman on the issue of the conditions in the Saipan jail, and (2) that the district court erred in dismissing Flores' false-imprisonment claims on the grounds of collateral estoppel, the statute of limitations, the absolute immunity of Lupe Manglona, and Anthony's voluntary agreement to an extension of his parole. We reverse the district court's grant of summary judgment in favor of Seman on the issue of the conditions in the Saipan jail; we affirm the district court's dismissal of Flores' false-imprisonment claims.[2]
 * Because the parties are familiar with the facts of this case, we repeat them here only as necessary.
 II
 A. Fourteenth Amendment or Eighth Amendment?
 As a threshold matter, Flores contends that his claim based on prison conditions properly arises under the Fourteenth Amendment and not the Eighth. Flores argues that, because he was confined as a result of parole violation and was awaiting a parole revocation hearing during at least part of his confinement, he was a pretrial detainee. Pretrial detainees are protected entirely from "punishment" under the Fourteenth Amendment, while convicted prisoners are protected only from "cruel and unusual punishment" by the Eighth Amendment. See Anderson v. County of Kern, 45 F.3d 1310, 1313, amended by, 75 F.3d 448 (9th Cir.1995). We have little difficulty concluding that the Eighth Amendment provides the proper standard for Flores. He was subject to incarceration for parole violation because he had originally been convicted and given the sentence which was moderated by parole. His original conviction is the authority under which he was confined after his parole violation. As a convicted prisoner, he must rely on the Eighth Amendment to support his claim.
 B. Nature of Prison Conditions.
 Flores contends that the district court erroneously ruled that there was no genuine issue of fact over the conditions in the Saipan jail. He sets forth diametrically opposed excerpts from his affidavit and that of Seman regarding jail conditions, and compares them point by point. Clearly there is a triable factual dispute between the parties over jail conditions. We do not read the district court's judgment as denying that proposition, however. In stating that the affidavits of defendants had not been contradicted, the district court was referring, we believe, to the alleged lack of knowledge of the defendants of those conditions.
 C. Knowledge of Offending Conditions.
 The district court held that Flores' section 1983 action failed as a matter of law "because there are no allegations whatsoever that Seman had any knowledge of the allegedly unconstitutional conditions." Flores alleged, however, that Seman either knew of or should have known of the conditions in the jail. That allegation is adequate to permit Flores to maintain his case if the evidence offered at the summary judgment stage shows knowledge. The Eighth Amendment is violated when responsible prison officials display "deliberate indifference" to inhumane conditions causing a risk to inmates' health or safety. See Farmer v. Brennan, 511 U.S. 825, 828 (1994). Farmer elaborates on the subjective mental state required for "deliberate indifference" in that context:
 [t]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.
 Id. at 837. This standard equates with "recklessness." Id. at 839. Under this standard, "an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842. The crucial question, then, is whether the evidence put forth at summary judgment raised a triable issue of fact regarding Seman's knowledge of inhumane conditions and knowledge that they created a substantial risk of serious harm. We conclude that it did.
 Seman's own affidavit provides the necessary foundation for a triable issue over the requisite substantive knowledge. In denying that the conditions were inhumane (an issue that we have already said is triable), Seman's affidavit displays complete familiarity with the conditions in the jail, as well as significant control over them. See, e.g., Seman Affidavit, par. 10 ("There is no air conditioning in the jail facility, but there are windows and doors that allow for ventilation. In addition, I allowed inmates to bring their own fans."); Seman Affidavit, par. 8 ("We also had trouble with the toilets in our cells because the pipes were old. We then put two toilets in another part of the facility and we also allowed the inmates to use the staff restroom if necessary."). It is almost impossible to read these statements in such a way that they do not present any triable issue that Seman knew of the conditions in the jail.
 In order to present a triable issue of knowledge, Flores did not have to show direct evidence that Seman knew of conditions causing a substantial risk; knowledge may be proved circumstantially.
 Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.
 Id. at 842 (internal citations omitted) (emphasis added). If a trier of fact were to find that the conditions in the jail were as Flores has asserted, the trier of fact also could infer that Seman knew of them and that they created the necessary risk. Thus a triable issue of fact exists with regard to subjective knowledge as well as the objective conditions in the jail. We therefore reverse the summary judgment in favor of Seman on the prison condition claim, and remand that claim for trial.
 III
 Flores also challenges the district court's dismissal of his false-imprisonment claims. We agree with the district court's ruling, however, that, as a matter of law, Flores was "collaterally estopped from bringing [those claims] in [federal] court by the December 9, 1993, decision of the Superior Court of the Northern Mariana Islands."[3]
 It is true, as Flores argues, that CNMI law governs the issue of collateral estoppel. Our decision in Ayers v. City of Richmond, 895 F.2d 1267, 1271 (9th Cir.1990), did not purport to establish circuit-wide rules of collateral estoppel. Ayers simply followed the rule that "[s]tate law governs the application of collateral estoppel ... to a state court judgment in a federal civil rights action." Id. at 1270. The application of CNMI law, however, does not aid Flores.
 Because CNMI law is silent on collateral estoppel, 7 CMC § 3401 requires application of the Restatement (Second) of Judgments. Section 27 of the Restatement provides:
 When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.
 The issue of whether Anthony's parole was validly extended beyond October 23, 1993, was resolved against Flores by the CNMI Superior Court in the November 1993 habeas proceeding. That decision is a valid and final judgment. Accordingly, unless an exception to section 27 applies, Flores is collaterally estopped by CNMI law from bringing his false-imprisonment claims in federal court.
 Flores asserts that his false-imprisonment claims fall within the exception to section 27 provided by section 28(1) of the Restatement (Second) of Judgments. That exception provides that litigation of a particular issue is not precluded when "[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action." Flores states that he could not have obtained review of the CNMI Superior Court's denial of their habeas petition, because the CNMI Supreme Court dismissed his appeal on the ground that he had not exhausted his administrative remedies. But the CNMI Supreme Court dismissed Flores' appeal not on its own motion but at the request of his attorney. The judgment was appealable under 6 CMC § 7107. Flores therefore was not precluded from obtaining review of that judgment "as a matter of law." He therefore does not fall within the exception of section 28(1).
 Finally, Flores contends that he did not receive a "full and fair" hearing on his claims in the CNMI Superior Court. See Restatement (Second) of Judgments § 28(5)(c). The irregularities of which Flores complains, however, do not establish that he was deprived of a full and fair hearing.
 IV
 The summary judgment in favor of Seman on the issue of the conditions in the Saipan jail is reversed, and that claim is remanded for further proceedings. In all other respects, including dismissal of the Flores' false-imprisonment claims, the judgment of the district court is affirmed.
 The parties will bear their own costs on appeal.
 AFFIRMED IN PART; REVERSED IN PART; REMANDED.
 
 
 1
 RYMER, Circuit Judge, concurring in part and dissenting in part:
 
 
 2
 I dissent from Part Il-C because in my view, there is no triable issue of fact that Seman knew of and disregarded an excessive risk to Flores's health and safety. A prisoner no doubt can prove a prison official's knowledge by showing that the risk was obvious, Farmer v. Brennan, 511 U.S. 825, 842, 114 S.Ct. 1970, 1981 (1994), but that's not what happened here. However unpleasant the conditions alleged by Flores (skin rashes, inability to read due to poor lighting, bugs in his jail bunk), they are conditions that affected him in unique ways that would not be obvious to third parties. Except for having been told that Flores caught a rat, nothing in Seman's affidavit reflects familiarity with the particular conditions of Flores's confinement. Because evidence that Seman may have known about general conditions in the Saipan jail does not show that he knew of and disregarded risks to Flores, cf. Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir.1995) (prison officials exposed to information about risks to prisoner), I would affirm the district court's judgment in its entirety.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Gloria Flores is also a party-plaintiff and joins in the appeal. Because the issues on appeal concern the arrest and jailing only of Anthony, we refer to him as the singular appellant in the interests of simplicity
 
 
 [2]
 We review de novo a district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996)
 
 
 [3]
 Because we agree with the district court on the issue of collateral estoppel, we do not reach Flores' contentions concerning the statute of limitations, the absolute immunity of Lupe Manglona, and Anthony's voluntary agreement to an extension of his parole