FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 7 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM ALLEN GARRETT, | No. 13-55635 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-02540-IEG-WVG |
| v. | |
| ANDRES RUIZ; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez,  District Judge, Presiding

Submitted September 23, 2014[**]

Before:      W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

William Allen Garrett appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Billington v. Smith*, 292 F.3d 1177, 1183 (9th Cir. 2002), and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Garrett's excessive force claim because Garrett failed to raise a genuine dispute of material fact as to whether defendants' actions were objectively unreasonable under the circumstances, including the undisputed facts that Garrett was apprehended during the course of a night-time burglary, Garrett admitted he was armed with a knife and was attempting to evade arrest by flight, and the events happened very quickly. *See Graham v. Connor*, 490 U.S. 386, 396-97 (1989) (determining the reasonableness of a particular application of force requires "careful attention to the facts and circumstances of each particular case," taking into account the "split-second judgments" in circumstances that are "tense, uncertain, and rapidly evolving").

The district court properly granted summary judgment on Garrett's claim that defendants violated his privilege against self-incrimination because Garrett seeks to re-litigate issues previously decided during his state criminal proceeding. *See Ayers v. City of Richmond*, 895 F.2d 1267, 1270-72 (9th Cir. 1990) (applying California issue preclusion law to prevent plaintiff's re-litigation of a suppression determination in a subsequent § 1983 action).

The district court did not abuse its discretion by denying Garrett's discovery motions because Garrett failed to demonstrate that he suffered any prejudice. *See*

*Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (providing standard of review and noting the trial court's broad discretion in discovery matters).

We reject Garrett's contentions concerning alleged due process violations and the district court's alleged bias and incorrect application of the summary judgment standard because they are unsupported by the record.

Defendants' motion to transmit evidence, filed on September 16, 2013, is denied.

Garrett's pending requests, filed on May 14, 2014, June 30, 2014, and September 12, 2014, are denied.

**AFFIRMED.**