**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY PELLERIN, an individual, | No. 13-15860 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00665-KJM-CKD |
| v. | |
| NEVADA COUNTY, California, a county government; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge

Argued and Submitted April 15, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and GLEASON,[**] District Judge.

Gregory Pellerin appeals from the district court's judgment dismissing his

six 42 U.S.C. § 1983 claims and three causes of action under California law, all of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

which arose out of his arrest and criminal prosecution in California Superior Court. We review de novo the dismissal of an action under the doctrine of collateral estoppel. *McQuillion v. Schwarzenegger*, 369 F. 3d 1091, 1096 (9th Cir. 2004). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Pellerin was arrested and charged with felony assault, felony battery, and misdemeanor false imprisonment by violence. His wife videotaped the incident, then gave the videotape to the responding police officer. Pellerin has alleged that the Sheriff's Department improperly edited the video and the District Attorney's Office refused to review the exculpatory portion of the video in violation of his constitutional rights. Pellerin moved to dismiss the criminal case on these bases, among other grounds. After a two-day evidentiary hearing, the Superior Court denied Pellerin's motion. Pellerin sought mandamus review to the California Court of Appeal, which issued an alternative writ granting Pellerin's request for recusal of the District Attorney's Office. Several months later, the State dismissed the case.

In the instant case, the district court granted the defendants' motion to dismiss Pellerin's civil rights claims pursuant to Fed. R. Civ. P. 12(b)(6), holding, *inter alia*, that the § 1983 claims were precluded by collateral estoppel. The district court declined to exercise jurisdiction over the remaining state law claims. If the district court did not err, the parties would be bound by the following factual

findings: (1) no continuous video existed on Pellerin's phone; (2) no evidence supported the conclusion that law enforcement created any gaps in the video; (3) no videos were deleted from the phone; (4) the arresting officer's editing of the video, while not best practices, was not intentional and was not misconduct; (5) Pellerin had complete access to the flip phone prior to trial; and (6) no party acted in bad faith or committed intentional misconduct, because the video was not clearly exculpatory. These facts would preclude Pellerin from pursuing Claims 3 through 6 in his complaint. While they may not fully preclude liability on Claims 1 and 2, these facts demonstrate that there would be no harm from any constitutional violation that Pellerin could prove.[1] Accordingly, whether collateral estoppel applies is dispositive in this case.

"State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action." *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990). The threshold requirements for application of collateral estoppel under California law are:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily

---

[1]Even if we were to find that Claims 1 and 2 were not precluded, we would hold that Pellerin failed to demonstrate a municipal policy causing his injuries on Claim 1 and that the Nevada County District Attorney's Office was entitled to prosecutorial immunity on Claim 2.

decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990). In addition, "application of issue preclusion must be consistent with the public policies of 'preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation.'" *White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (quoting *Lucido*, 51 Cal. 3d at 343).

Here, the parties dispute whether the fourth requirement has been met – whether the decision in the former proceeding was final and on the merits.[2] Pellerin argues that when the State dismissed his criminal case, it terminated Pellerin's right to appeal the earlier adverse ruling on his motion to dismiss, and as a result there can be no finality for collateral estoppel purposes.

---

[2]In a footnote in Pellerin's opening brief, he "disputes there was sufficient identity of issues, in particular, that the Superior Court made only one factual finding, namely that there had not been any *Brady* violation" and he "reserves the right to further respond . . . if Respondents argue this point[.]" In Pellerin's reply brief, he again raises this issue only in a footnote, stating that "it is unnecessary to argue these issues when Appellant's right to appeal never matured." This argument is waived. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. . . . [A] bare assertion does not preserve a claim, particularly when . . . a host of other issues are presented for review."); *Rodriguez v. Airborne Express*, 265 F.3d 890, 894 n.2 (9th Cir. 2001) (raising argument only in footnote was insufficient to raise issue on appeal).

In *Schmidlin v. City of Palo Alto*, the California Court of Appeal identified four factors to consider in assessing finality for collateral estoppel purposes: "(1) whether the decision was not avowedly tentative; (2) whether the parties were fully heard; (3) whether the court supported its decision with a reasoned opinion; and (4) whether the decision was subject to an appeal." 157 Cal. App. 4th 728, 774 (2008) (citation omitted). A prior adjudication is "sufficiently final to support preclusion if it is determined to be sufficiently firm to be accorded conclusive effect." *Id.* (internal quotation marks and citations omitted).

Pellerin relies on *Ayers v. City of Richmond* to assert that a party must have had the opportunity to appeal the ruling or judgment in order for the finality requirement to be met. 895 F.2d at 1271. But we do not read *Schmidlin* or *Ayers* to require that there must be a right to appeal in every circumstance in order for the finality requirement to be met. Rather, each case requires a consideration of each of the four *Schmidlin* factors to determine if the prior ruling is sufficiently final so as to be accorded preclusive effect.

Here, the Superior Court's decision on the record denying the motion to dismiss was thoroughly reasoned (albeit not in a written opinion); the court's decision was not tentative. The parties were fully heard at an evidentiary hearing and in briefing and oral argument. This is not a case where a routine pretrial order is being invoked to preclude a range of issues never fully litigated. And while

Pellerin did not have a right to appeal the denial of his dismissal motion, he did elect to pursue mandamus review. Lastly, we have no record to suggest that Defendants manipulated proceedings (by dismissing the criminal charges against Pellerin) in order to cut off Pellerin's right to appeal. Pellerin is in no worse position than if he had been acquitted of the charges. In these circumstances, the Superior Court's order is sufficiently firm and on the merits so as to be accorded conclusive effect with respect to Pellerin's § 1983 claims.[3]

**AFFIRMED.**[4]

---

[3]Because we find that Pellerin is collaterally estopped from pursuing his § 1983 claims, we do not reach the parties' additional arguments. The district court did not err in declining to exercise jurisdiction over the state law claims. A district court can decline to exercise supplemental jurisdiction when the district court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

[4]Appellees' Motion Requesting Judicial Notice of the October 21, 2013 Opinion of the California Court of Appeal in *People v. Pellerin*, No. C072654, is denied as moot.