**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KENYA K. HOLT,
        Appellant,

      v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
SF-0752-16-0129-I-2

DATE: January 30, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kevin Mirch</u>, Esquire, San Diego, California, for the appellant.

<u>John William Torresala</u>, Esquire, Camp Pendleton, California, for the
    agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal based on one charge of conduct unbecoming a civilian police officer arising from misconduct for which imprisonment may be imposed—namely, that he engaged in sexual misconduct for which he was

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

arrested and charged. Because the appellant was convicted in a California state court of forcible rape, the administrative judge found that collateral estoppel precluded him from challenging the merits of the underlying misconduct. On petition for review, the appellant argues that the administrative judge erred in applying the Board's case law regarding collateral estoppel, that he should have applied the common law of California, and that the Board should stay his removal until his criminal conviction has been fully litigated.

¶2 Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to consider the new and material evidence that the appellant's criminal conviction has been fully litigated and to apply the common law of California regarding collateral estoppel, we AFFIRM the initial decision.

¶3 The appellant asserts that the administrative judge should have applied the common law of California to analyze whether he was collaterally estopped from challenging his criminal conviction and the misconduct underlying the charge. Petition for Review (PFR) File, Tab 1 at 4. The administrative judge applied the Board's doctrine of collateral estoppel to find that the appellant was estopped from arguing that he did not engage in the disputed misconduct. Refiled Appeal

File, Tab 33, Initial Decision at 5-6 (citing *Kavaliauskas v. Department of the Treasury*, 120 M.S.P.R. 509, ¶ 5 (2014)). However, when an appellant is found guilty of a crime under state law, the Board will apply the common law of that state regarding collateral estoppel to determine the preclusive effect of the conviction. *Graybill v. U.S. Postal Service*, 782 F.2d 1567, 1571-73 (Fed. Cir. 1986); *see Mosby v. Department of Housing & Urban Development*, 114 M.S.P.R. 674, ¶ 5 (2010). Accordingly, we modify the initial decision to consider the doctrine of collateral estoppel under California law.

¶4  Under California law, the following four criteria govern the application of collateral estoppel to issues raised in a prior criminal proceeding:

> (1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior trial.

*Ayers v. City of Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990); *see, e.g.*, *Holguin v. City of San Diego*, 135 F. Supp. 3d 1151, 1159 (S.D. Cal. 2015). Collateral estoppel will not be applied unless the time for appeal has elapsed. *See Ayers*, 895 F.2d at 1271-72.

¶5  Here, the appellant's conviction was for a serious offense, the issues are the same, and the appellant is a party in both actions. The appellant asserts only that he has not fully litigated his conviction, and thus the Board should stay his removal to afford him the opportunity to do so. PFR File, Tab 1 at 4. However, we have considered the agency's argument and the case disposition information, submitted for the first time on review, indicating that the California Court of Appeal for the Fourth District, Division 2 (California Court of Appeal), has since affirmed the appellant's conviction and that he did not file an appeal with the Supreme Court of California, as this evidence and argument demonstrates that the conviction has since been fully litigated. PFR File, Tab 6 at 7-8, Tab 9 at 29-36;

*see Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015), *aff'd*, 839 F.3d 1126 (Fed. Cir. 2016).  The California Court of Appeal affirmed the appellant's conviction of forcible rape on October 17, 2017.  *People v. Holt*, No. E066715, 2017 WL 4640113 (Cal. Ct. App. Oct. 17, 2017).  The appellant had 10 days to file a petition for review in the California Supreme Court.  Cal. R. Ct. 8.500(e)(1).  He did not do so, and the California Court of Appeal issued a remittitur on December 19, 2017, certifying that the case is complete.  PFR File, Tab 9 at 31.  Accordingly, the appellant's argument that the Board should stay his removal to afford him the opportunity to fully litigate his appeal is moot.  Thus, we sustain the charge and affirm the removal.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                        _____
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.