NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAN VAN DUSEN, | No. 15-15828 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05023-HSG |
| v. | |
| CITY OF OAKLAND; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted February 14, 2017**

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Jan Van Dusen, an attorney, appeals pro se from the district court's

judgment dismissing her 42 U.S.C. § 1983 action alleging federal and state law

claims related to an investigation, prosecution, and state court conviction for

animal cruelty. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

a dismissal under Fed. R. Civ. P. 12(b)(6) and on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Beets v. County of Los Angeles*, 669 F.3d 1038, 1041 (9th Cir. 2012). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Van Dusen's § 1983 claims for conspiracy, unreasonable seizure, and illegal seizure relating to the seizure of cats from her home as *Heck*-barred because success on these claims would necessarily imply the invalidity of her conviction, and Van Dusen failed to allege that her conviction has been invalidated. *See Heck*, 512 U.S. at 487 (§ 1983 action that necessarily implies the invalidity of a plaintiff's conviction must be dismissed unless the conviction has been invalidated).

Dismissal of Van Dusen's unreasonable seizure of medication claim was proper because it is barred by the doctrine of issue preclusion. *See Ayers v. City of Richmond*, 895 F.2d 1267, 1270-72 (9th Cir. 1990) (applying California law to give preclusive effect to Fourth Amendment determinations made during a suppression hearing in an underlying criminal action).

The district court properly dismissed Van Dusen's § 1983 claims against defendants who worked in non-profit organizations because Van Dusen failed to allege facts sufficient to show that they acted under color of state law. *See Price v.*

2                                                                           15-15828

*State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (private parties do not generally act under color of state law for § 1983 purposes).

The district court did not abuse its discretion by denying Van Dusen leave to amend her complaint because any further amendment would have been futile. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (setting forth standard of review; "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint"); *see also Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (a district court acts within its discretion to deny leave to amend when amendment would be futile).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the Van Dusen's state law claims after dismissing her federal claims. *See Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) (setting forth standard of review; "[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)); *see also* 28 U.S.C. § 1367(d) (tolling state statutes of limitations for state claims dismissed under supplemental jurisdiction statute "while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period").

3                                                                    15-15828

The district court did not abuse its discretion by denying Van Dusen's recusal request because Van Dusen did not demonstrate any ground for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and grounds for recusal); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

We reject as without merit Van Dusen's contentions that the district court improperly issued an order to show cause and failed to control its docket by allowing defendants to file separate motions to dismiss.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**